J. P. FLAGG *vs.* I. N. BATES and WEST WATERVILLE SAVINGS BANK, trustee.

Kennebec, 1875.—May 31, 1876.

*Trustee process.*

Where the alleged trustee, a savings bank, holding a note against the principal defendant secured by a mortgage, purchased the equity of redemption at a sheriff's sale, released to the mortgageor a portion of the real estate covered by the mortgage in consideration of $274.00, paid by the mortgageor, and indorsed that sum upon the note, *held*, that the bank was not chargeable as trustee for the money thus received.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note to which no defense was made. The contention was on the question whether the bank was chargeable as trustee. The presiding justice ruled that it was not holden, and the plaintiff excepted.

*E. O. Bean*, for the plaintiff.

*G. T. Stevens*, for the alleged trustee.

LIBBEY, J. The trustee made a disclosure containing the general declaration that at the time of the service of the plaintiff's writ upon it, it had no goods, effects or credits of the principal defendant in its possession, and was then examined by plaintiff. By the disclosure it appears that Bates, the principal defendant, on the 9th day of January, 1871, hired of the trustee eight hundred dollars, giving his note therefor, payable in six months, with interest at eight per cent., secured by mortgage on certain real estate. On the 8th day of July, 1873, Bates paid the interest on the note to July 9th, 1873. On the 5th day of July, 1873,

the mortgageor's right to redeem said mortgage was sold on execution, and purchased by the trustee for twenty-six dollars. On the same day the right of said Bates to redeem a mortgage on one undivided half of his homestead, given to one John M. Libbey, and his right to redeem a mortgage on a piece of land called the Mairs lot, given to one George Mairs, were sold on execution, and purchased by the trustee for one dollar each.

The equity of redemption of the Mairs mortgage was redeemed by Bates within a year from the sale. The other two equities were not redeemed. On the 30th day of June, 1874, Bates paid the interest on the $800 note to July 9, 1874, and on the 9th day of July, 1874, he paid the trustee $274 on the note, which was indorsed under date of June 30, 1874. This payment was made under the following agreement. Bates desired to sell the Mairs lot, which appears to have been embraced in his mortgage to the trustee, and the trustee consented to the sale on condition that Bates should pay on the note what he got for the lot, after paying the Mairs mortgage, which was $274, and the interest paid on the notes June 30, 1874. The trustee, by deed of quitclaim discharged its mortgage on that lot, and Bates made the payment on the note.

Plaintiff claims that the trustee is chargeable for the $274 so paid by Bates, on the ground that the equity of redemption of its mortgage from Bates became absolute in the trustee before the payment, and operated as a foreclosure of the mortgage and payment of the mortgage debt to the extent of the value of the property embraced in the mortgage, and that the purchase of the equity of redemption for twenty-six dollars by the mortgagee is conclusive evidence that the property was, at the time the title became absolute in the mortgagee, worth the full amount of the mortgage debt. We cannot assent to the last part of this proposition. The equity of redemption was purchased on the 5th of July, 1873. The title did not become absolute in trustee till July 5, 1874. The mortgaged premises may have been worth much less in July, 1874, than in July, 1873. Assuming that the payment was made on the note by Bates without any new agreement it was an admission by Bates that there was at least that sum due

on the note. But the result of the suit does not depend upon this point. The trustee held a mortgage on the Mairs lot. It was perfectly competent for the parties to agree that in consideration of a release of the lot from the mortgage the net proceeds of the sale thereof should be paid on the note, and having been so paid under that agreement the trustee has a right to hold it, and is not chargeable.                              *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.